# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### DECEMBER 1997 SESSION



**FILED**

January 16, 1998

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 01C01-9702-CC-00044 |
| Appellee, | ) |
| | ) Montgomery County |
| V. | ) |
| | ) Honorable Robert W. Wedemeyer, Judge |
| | ) |
| **JASON L. BROADNAX,** | ) (Sentencing) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

Gregory D. Smith                            John Knox Walkup
Attorney at Law                             Attorney General & Reporter
One Public Square, Suite 321
Clarksville, TN 37040                       Daryl J. Brand
                                            Assistant Attorney General
                                            Criminal Justice Division
                                            450 James Robertson Parkway
                                            Nashville, TN 37243-0493

                                            John W. Carney, Jr.
                                            District Attorney General

                                            Steven L. Garrett
                                            Assistant District Attorney General
                                            204 Franklin Street, Suite 200
                                            Clarksville, TN 37040

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

Too often this Court sees wasted lives, and it could have been different. Here is another case.

Jason L. Broadnax was born in October 1977, attended Northwest High School in Clarksville, and dropped out in the eleventh grade. He has never held a job more than a few months, and those jobs were at minimum wage. He has resided with his mother, and he is unmarried. He is in good physical and mental health.

By the time appellant Broadnax was twelve, the Montgomery County Juvenile Court had adjudicated him guilty of the delinquent act of shoplifting and ordered him to perform public service work. When he was thirteen, the juvenile court gave him maximum probation with the Department of Youth Development (DYD) for first degree burglary. When the appellant was seventeen, the court sentenced him to the custody of the DYD for a weapons offense. Also, when he was seventeen, he was incarcerated by the juvenile court for selling marijuana.

Broadnax turned eighteen in October 1995. While he was still eighteen, he graduated from juvenile delinquent to adult criminal defendant. He was indicted by the Montgomery County Grand Jury for a robbery occurring on December 11, 1995; an aggravated robbery occurring on January 10, 1996; an aggravated robbery occurring on January 13, 1996; an attempted aggravated robbery occurring on January 14, 1996; and an aggravated robbery occurring on January 17, 1996.

Counsel for the appellant Broadnax negotiated a plea bargain with the state wherein two of those charges were dismissed. He pled guilty to the aggravated robbery of Donna Rohe which occurred on January 10, 1996. Ms. Rohe was an employee of Pizza Hut, and the armed defendant took over

$500.00. Ms. Rohe was pregnant when the crime occurred. The trial court sentenced the defendant to ten years in the Department of Correction for this aggravated robbery.

The appellant pled guilty to the attempted aggravated robbery of Michelle Wallace occurring on January 14, 1996. Ms. Wallace was an employee of Mr. Gatti's. When the armed appellant jumped across the counter of the business, approximately twenty-five individuals were present. Fortunately, a police officer was one of those present; and when confronted by the officer, the appellant fled. Testimony at the sentencing hearing indicates that this attempted aggravated robbery has affected employee morale significantly since the crime occurred. The trial court sentenced the defendant to 4.5 years for this crime.

The appellant pled guilty to the aggravated robbery of Jean Thompson occurring on January 17, 1996. Ms. Thompson was an employee of Super Laundromat when the appellant brandished a weapon during this robbery. At the sentencing hearing, the victim testified that there were several people in the laundromat when the crime occurred, and she eventually had to quit work because she was so scared. She continues to have nightmares and is unable to sleep. The court sentenced the defendant to nine years for this crime.

The trial judge ran all sentences consecutively for an effective sentence of 23.5 years. Aggrieved by this sentence, the appellant now asks this Court to review the sentence. Finding no error by the trial judge and finding the sentences warranted, we affirm.

This Court finds that separate convictions and separate punishments in this case were proper. Each robbery or attempted robbery involved different business establishments, different times, and separate victims. The trial court properly enhanced the appellant's sentences because the crimes involved more

than one victim. The appellant had a prior history of criminal conduct or criminal behavior based upon his juvenile record. During each of these crimes, the appellant at gunpoint placed many people in fear for their lives. He effectively committed aggravated assaults upon innocent and helpless victims, and for these crimes he was not charged. The appellant was sentenced mid-range for each of his crimes. The trial court found no significant mitigating factors for this appellant. The sentences adjudged by the trial court are proper.

As to the consecutive sentencing issue, we agree with the trial judge. The appellant is an offender whose record of criminal activity is extensive. He is a dangerous offender. His activity indicates little or no regard for human life. He has had no hesitation about committing crimes in which the risk to human life is high. Tenn. Code Ann. §§ 40-35-115(b)(2)&(4) (1997). The record establishes that the total sentence is reasonably related to the severity of offenses and is necessary for the protection of the public. State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995). The appellant has had his opportunity with the juvenile system, having previously been on lengthy probation and having been incarcerated as a youthful offender. These attempts at rehabilitation and behavioral change did not work. After he had just turned eighteen, the appellant committed aggravated robberies and attempted aggravated robberies. His time has come. He no longer is playing in the minor leagues. As a major league criminal offender, this appellant has earned the sentence of 23.5 years as warranted and deserved.

The trial court followed the principles of sentencing and stated clear findings of fact and conclusions of law. Finding no reversible error, we affirm the judgment of the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
JOSEPH B. JONES, Presiding Judge

_____
WILLIAM M. BARKER, Judge